UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW WTC RETAIL OWNER LLC,

                Plaintiff,

     v.

STARBUCKS CORPORATION,

                Defendant.

Case No.

**COMPLAINT**

       Plaintiff New WTC Retail Owner LLC ("Westfield"), by and through its counsel, Blank Rome LLP, alleges against its former tenant, Starbucks Corporation ("Starbucks" or "Tenant"), as follows:

## NATURE OF THE ACTION

       1.     This is a commercial lease dispute. Westfield, as landlord, seeks damages arising from Starbucks's breach of its contractual obligations of a retail lease dated May 31, 2016, as amended (the "Lease") for certain commercial space in the Westfield World Trade Center Shopping Center in Manhattan (the "Westfield World Trade Center Mall").

       2.     In breach of the Lease provision requiring Starbucks to be open for business, Starbucks failed to reopen its store for business in September 2020 at the time the government authorities lifted the Executive Order that had temporarily shut down indoor malls due to COVID-19. The Westfield World Trade Center Mall promptly reopened in compliance with the health orders, but Starbucks failed to reopen.

       3.     Starbucks then attempted to terminate the Lease based on Section 2.03(c) of the Lease ("Gross Sales Kickout Provision"). As explained in greater detail below, not only was such attempt premature, it was also substantively defective; Starbucks's termination right under the

Gross Sales Kickout Provision became null and void because, among other things, Starbucks failed to reopen and operate as required in the Lease. Therefore, the Lease remained in effect until Westfield sent its Notice of Termination on July 29, 2021, upon Starbucks' failure to cure its noticed default.

4.      As a result of Starbucks' breaches, Westfield is entitled to damages in an amount of no less than $5,201,652, plus contractual attorneys' fees, disbursements, and costs.

## THE PARTIES

5.      Westfield is a foreign limited liability company duly authorized to do business in New York with a place of business located in Manhattan.

6.      Upon information and belief, Starbucks is a Washington corporation with its principal place of business located at 2401 Utah Avenue South, Suite 800, Seattle Washington.

## JURISDICTION

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship between Starbucks and Westfield and the amount of controversy exceeds $75,000 (not including costs and interest).

8.      Venue is proper under 28 U.S.C. § 1391(b)(2) because the Premises is located in the District, and all events giving rise to Starbucks' claims occurred in the District.

## FACTUAL BACKGROUND

**Relevant Lease Provisions**

9.      On May 31, 2016, Westfield as landlord and Starbucks as tenant executed the Lease for Store No. LL4350 in the Westfield World Trade Center Mall.

10.     The term of the Lease is for ten years (the "Term") and expires on March 31, 2028.

11.     Section 1.02 of the Lease defines "Lease Year" as:

(i) for the first Lease Year, … (y) if the Rental Commencement Date is not on the first day of a calendar month, the period beginning on the Rental Commencement Date and ending on the last day of the mouth in which the first (1st) anniversary of the Rental Commencement Date shall occur; and (z) for Lease Years after the first Lease Year, the twelve (12)-month period beginning on the next day following the expiration of the preceding Lease Year.

Lease § 1.02.

12.     The parties agreed to March 7, 2018 as the Rental Commencement Date. Therefore, following the first Lease Year, each Lease Year commences on the 1st of April and expires on the 31st of March of the following year.

13.     The Gross Sales Kickout Provision in Section 2.03(c) of the Lease gave both Westfield and Starbucks a right to terminate if Starbucks' gross sales in the third Lease Year ("Measuring Period") are less than $2.5 million:

> If Tenant's Gross Sales for the third (3rd) Lease Year (the "Measuring Period") are less than $2,500,000.00, then either Landlord or Tenant shall have the right to terminate this Lease. **Tenant's right to terminate this Lease shall be exercised by written notice to Landlord within thirty (30) days following the last day of the Measuring Period, accompanied by Tenant's statement of Gross Sales for the Measuring Period**. . . If Tenant exercises its right of termination as provided herein, then **concurrent with the delivery of Tenant's notice of termination, Tenant shall pay to Landlord a termination fee**, calculated as of the Gross Sales Termination Date, in an amount equal to the unamortized portion of the Tenant Allowance set forth in the Addendum to Exhibit "B" (such amortization to be calculated on a straight-line basis from the Rental Commencement Date).

Lease § 2.03(c) (emphasis added).

14.     The Measuring Period commenced on April 1, 2020 and expired on March 31, 2021.

15.     For Starbucks to exercise the termination right in the Gross Sales Kickout Provision, it must give Westfield a written notice within thirty days after the end of the Measuring Period (i.e., between April 1, 2021 and April 30, 2021), accompanied by a statement of Gross Sales during the Measuring Period and a termination fee.

3

16.     In addition, Starbucks would be precluded from terminating the Lease pursuant to Section 2.03(c) if Starbucks was in default at the time of its notice or failed to operate in accordance with Section 7.02(a) of the Lease:

> The right herein granted to Tenant shall be null and void if Tenant is in default (after applicable notice and cure periods) under the terms and conditions of this Lease at the date of Tenant's notice, or if Tenant has not been open and operating in accordance with, or as otherwise permitted under, this Lease for any portion of the Measuring Period.

Lease § 2.03(c).

17.     Section 7.02 of the Lease requires Starbucks to be open for business and to operate in the Premises during the entire term of the Lease and in compliance with all laws:

> Tenant agrees to be open for business and to operate in all of the Premises during the entire Term following the Rental Commencement Date, and to actively and diligently conduct its business at all times in a first class and reputable manner, maintaining at all times a full staff of employees and a complete stock of current season merchandise. Tenant shall install and maintain at all times a display of merchandise in the display windows, if any, of the Premises and shall keep the same well lighted. Tenant shall be obligated to be open for business and to operate continuously seven (7) days per week, from 10:00 AM to 9:00 PM from Mondays to Saturdays and from 11:00 AM to 7:00 PM on Sundays, and during all such other hours established by Landlord as Retail Component business hours from time to true . . . Failure by Tenant to be open for business and to operate shall entitle Landlord, in addition to other remedies provided in this Section 7.02, this Lease or by law, to mandatory injunctive relief. Without limiting the generality of the foregoing, in the event the hours during which the Retail Component is legally permitted to be open to the public are regulated by any lawful authority, then Landlord shall be the sole judge of which hours and days shall be Retail Component business hours.

Lease § 7.02(a).

18.     Lease Section 19.01(f) provides that an Event of Default occurs if Starbucks fails "to operate continuously in the manner and during the hours established by Landlord pursuant to Section 7.02(a)."

4

19.    Lease Section 19.03(c) provides that if the Lease is terminated due to an Event of

Default, Starbucks shall be liable for Rental "as if this Lease had not been terminated":

> Notwithstanding any termination of this Lease or termination of Tenant's
> rights to possession, or re-entry of the Premises by Landlord or its agents
> or servants, Tenant shall pay to Landlord all Rental and other charges
> payable under this Lease by Tenant to Landlord to the date upon which this
> Lease and the Demised Term shall have terminated, expired and come to
> an end or to the date of re-entry upon the Premises by Landlord, as the case
> may be and (y) Tenant shall pay and be liable for (on the days originally
> fixed herein for the payment thereof) the installments of Rental as if this
> Lease had not been terminated and as if Landlord had not entered . . .

Lease § 19.03(c).

20.    Lease Section 19.03(f) provides that Westfield shall be entitled to accelerate unpaid

Rental for the balance of the Term in lieu of receiving monthly payments.

21.    Lease Section 27.22 provides that Westfield is entitled to recover its attorneys' fees,

costs, and disbursements if it prevails in an action against Starbucks related to the Lease:

> If at any time after the date that this Lease has been executed by
> Landlord and Tenant, either Landlord or Tenant institutes any action
> or proceeding against the other relating to the provisions of this
> Lease or any default hereunder, the non-prevailing party in scorch
> action or proceeding shall reimburse the prevailing party for the
> reasonable expenses of attorneys' fees and all costs and
> disbursements incurred therein by the prevailing party, including,
> without limitation, any such fees, costs or disbursements incurred
> on any appeal from such action or proceeding. Subject to the
> provisions of local law, the prevailing party shall recover all such
> fees, costs or disbursements as costs taxable by the court or arbiter
> in the action or proceeding itself without the necessity for a cross-
> action by the prevailing party.

Lease § 27.22.

## The Executive Order Closure and Subsequent Reopening of Indoor Malls

22.    Beginning in March 2020, the COVID-19 pandemic caused an unprecedented

disruption in people's lives and businesses worldwide. Pursuant to Executive Orders issued by

New York Governor Andrew M. Cuomo and New York City Mayor Bill de Blasio, the Westfield

World Trade Center Mall was temporarily closed for the period March 19, 2020 through September 8, 2020.[1]

23.    On September 9, 2020, Governor Cuomo announced that New York City malls could reopen with a 50 percent occupancy limit.[2] The Westfield World Trade Center Mall reopened that day.

24.    Starbucks, however, failed to reopen. To date, Starbucks has failed to reopen.

**Starbucks' Attempt to Terminate**

25.    By letter dated March 23, 2021, before the Measuring Period as defined in the Lease had even expired, Starbucks sent Westfield a letter, purporting to terminate the Lease effective as of April 30, 2022 pursuant to the Gross Sales Kickout Provision (the "Purported Termination Notice").

26.    Westfield did not recognize the validity of the Purported Termination Notice because Starbucks did not comply with any of the requirements in the Gross Sales Kickout Provision:

- Starbucks had to give Westfield notice "within thirty (30) days **following the last day of the Measuring Period**," i.e., between April 1, 2021 and April 30, 2021;

- Starbucks failed to include a "statement of Gross Sales for the Measuring Period";

- Starbucks failed to provide a termination fee "concurrent with the delivery of Tenant's notice of termination"; and

- Starbucks was not "open and operating in accordance with, or as otherwise permitted under, this Lease" from September 9, 2020 through March 31, 2021, close to seven months of the Measuring Period when the Westfield World Trade Center Mall was open and operating.

---

[1] No. 202.5: Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency | Governor Andrew M. Cuomo (ny.gov)

[2] No. 202.60: Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency | Governor Andrew M. Cuomo (ny.gov)

**Noticed Default and Termination of Lease**

27.     On March 26, 2021, Westfield issued a Notice of Operational Default based on Starbucks' violation of Sections 7.02(a) and 19.01(f) of the Lease. Starbucks failure to cure its default.

28.     On June 21, 2021, Westfield issued a Notice of Operational Default based on Starbucks' violation of Sections 7.02(a) and 19.01(f) of the Lease. Starbucks failure to cure its default.

29.     As a result, pursuant to Section 19.01(f), an Event of Default occurred.

30.     On July 29, 2021, Westfield issued a Notice of Termination terminating the Lease effective August 2, 2021 and, pursuant to Lease Section 19.03(f), accelerating the Rental that would become due during the remainder of the Term had the lease not been terminated.

## FIRST COUNT
### Breach of Contract

31.     Westfield incorporates the allegations in paragraphs 1 through 30 as if fully restated here.

32.     The Lease is a valid and enforceable contract.

33.     Westfield has performed all of its obligations under the Lease.

34.     Starbucks breached the Lease by failing to stay open and operate under Section 7.02(a) of the Lease.

35.     Starbucks also breached the Lease through its improper attempt to terminate the Lease.

36.     As set forth above, an Event of Default has occurred as a result of Starbucks' failure to cure its breach pursuant to Section 19.01(f) of the Lease.

37.     Starbucks' breach of the Lease has directly and proximately damaged Westfield.

38.     Westfield is entitled to recover damages, including, without limitation, past Rental in the amount of at least $145,773 and future Rental in the amount of at least $5,055,879.

39.     Westfield is entitled to recover its attorneys' fees and costs pursuant to Section 27.22 of the Lease.

**WHEREFORE**, Westfield demands judgment against Starbucks, as follows:

a)  An award of damages in an amount to be determined at trial, but in no event less than $5,201,652, plus interest,

b)  An award of attorneys' fees, costs, and expenses incurred in connection with this action; and

c)  Such other and further relief as the Court deems just and proper.

Dated: New York, New York
          August 24, 2021                                   **BLANK ROME LLP**

                                                            By: */s/ Mara B. Levin*
                                                            Mara B. Levin
                                                            David Jacobson
                                                            John Kessler
                                                            1271 Avenue of the Americas
                                                            New York, New York 10020
                                                            (212) 885-5000
                                                            MLevin@BlankRome.com

                                                            *Attorneys for Plaintiff*
                                                            *New WTC Retail Owner LLC*